# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MOHAWK CARPET DISTRIBUTION, INC., a Delaware Limited Liability Company, | ) ) ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BEAULIEU GROUP, LLC, a Georgia Limited Liability Company, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Mohawk Carpet Distribution, Inc., for its Complaint against Defendant Beaulieu Group, LLC ("Defendant"), states as follows:

## INTRODUCTION

1. This is a civil action for federal and state law trademark infringement, false designation of origin, false advertising and unfair competition, and deceptive trade practices arising out of Defendant's misappropriation and infringement of the trademarks of Mohawk Carpet LLC, which are exclusively licensed to its affiliate Mohawk Carpet Distribution, Inc. ("Mohawk") to use in the marketplace. Mohawk Carpet LLC owns federally registered trademarks FLOORCARE ESSENTIALS®,

U.S. Registration No. 2,799,317, and MOHAWK FLOORCARE ESSENTIALS®, U.S. Registration Nos. 2,803,569 and 3,163,768 (collectively, the "FLOORCARE ESSENTIALS® Marks") all of which Mohawk holds exclusive rights to use and to enforce. For more than a decade, Mohawk has extensively and continuously used the FLOORCARE ESSENTIALS® Marks to identify floor care cleaning products, namely, floor polish, wax and foam cleaner and a floor care cleaning service throughout the United States. Defendant has used and continues to use the virtually identical mark "FASHION ESSENTIALS" (the "Fashion Essentials Name" or the "Infringing Mark") to promote the sale of its flooring goods. This Complaint asserts claims for federal trademark infringement in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114 (Count I); for federal unfair competition, false advertising and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a) (Count II); for trademark infringement and unfair competition under the common law of Georgia (Count III); and for violation of Georgia's Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.* (Count IV). Mohawk brings this action to obtain injunctive relief to stop Defendant's illegal use and infringement of Mohawk's FLOORCARE ESSENTIALS® Marks and recompense for damages sustained by Mohawk as a result of Defendant's unlawful actions.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Mohawk Carpet Distribution, Inc. is a Delaware limited liability company with a principal place of business at 160 South Industrial Boulevard, Calhoun, Georgia 30701.

3. Defendant Beaulieu Group, LLC is a Georgia limited liability company with a principal place of business at 1502 Coronet Drive, Dalton, Georgia 30722. Service may be made upon Defendant's registered agent, Corporation Services Company, 40 Technology Parkway, S. #300, Norcross, Georgia 30092.

4. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims presenting federal questions under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts). This Court also has supplemental jurisdiction over the state statutory and common law claims for trademark infringement, unfair competition, and deceptive trade practices under 28 U.S.C. §§ 1338(b) and 1367(a) because these claims are so related to the claims under which the Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because Defendant is a resident of the State of Georgia and this District; Defendant regularly conducts and solicits business within the State of Georgia and this District; Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services to consumers and retailers in the State of Georgia and this District; and Defendant committed acts of infringement and unfair competition in the State of Georgia and this District.

6. Confirming Defendant's pattern of regularly conducted business in the State of Georgia and in the Northern District of Georgia, upon information and belief, there are more than 200 retail locations in Georgia selling Defendant's goods to Georgia consumers. On information and belief, Defendant's goods are sold in several specialty flooring stores located in this District, including Moda Floors & Interiors and Interiors By Insidesign, both located in Atlanta, Georgia, Hometown Carpet, located in Alpharetta, Georgia, and Green Basements & Remodeling, located in Woodstock, Georgia, among others. *See* attached as **Exhibit A** a true and correct screen shot of Defendant's website at usa.beaulieuflooring.com website showing the location of these Georgia suppliers.

7. Venue is proper in this District under 28 U.S.C. § 1391 (b)(1), (b)(2) and (c)(2) because this Court has personal jurisdiction over Defendant in this

District, and a substantial part of the events or acts giving rise to the claims occurred in this District in that Defendant has transacted business in this District and has committed acts of trademark infringement and unfair competition in this District.

## **FACTS COMMON TO ALL COUNTS**

8. Mohawk is one of the world's leading distributors of carpets and other flooring products and floor care products, which are distributed throughout the United States and the world under various trade and service marks, including, without limitation, the FLOORCARE ESSENTIALS® Marks.

9. Mohawk and its predecessors-in-interest have continuously and extensively used the FLOORCARE ESSENTIALS® Marks in commerce since at least 2002 to uniquely identify floor care products and cleaning services provided in the fields of carpets and floor coverings.

10. Mohawk has continuously and extensively advertised and promoted its floor care products and services sold under the FLOORCARE ESSENTIALS® Marks in a large number of print and other communications media throughout the United States, including in this District.

11. Mohawk, through its affiliate Mohawk Carpet LLC, is the owner of all right, title and interest in and to, including the right to enforce, the

FLOORCARE ESSENTIALS® Marks for floor care products and floor care cleaning services, which uniquely identify the floor care products and related cleaning services of Mohawk.

12. Mohawk Carpet LLC is the owner of the following incontestable trademark registrations in the United States Patent and Trademark Office ("USPTO") for the FLOORCARE ESSENTIALS® Marks all of which are exclusively licensed to Mohawk who has the right to use and enforce them: Federal Registration No. 2,799,317, issued on December 23, 2003, based on a first use date of November 15, 2002, Federal Registration No. 2,803,569, issued on January 6, 2004, based on a first use date of February 4, 2002, and Federal Registration No. 3,163,768, issued on October 24, 2006, based on a first use date of January 12, 2003. True and correct copies of these trademark registrations and true and correct copies of assignment documents filed with the USPTO showing chain of title from Mohawk's predecessors-in-interest are attached to this Complaint as **Exhibit B.**

13. Mohawk's federal registrations are valid, in force and effect and constitute *prima facie* evidence of its exclusive right to use its FLOORCARE ESSENTIALS® Marks on and in connection with the marketing and sale of the goods and services specified in the certificates, pursuant to 15 U.S.C. § 1057(b).

14. Mohawk's FLOORCARE ESSENTIALS® Marks are now incontestable because they meet the provisions of 15 U.S.C. § 1065.

15. Mohawk also owns common law rights to the FLOORCARE ESSENTIALS® Marks based on the continuous and extensive use of these marks in interstate commerce to promote its goods and services over the past fourteen years.

16. Mohawk's FLOORCARE ESSENTIALS® Marks have been backed by major advertising and promotional efforts.

17. Mohawk has invested a substantial amount of time, money and other resources in promoting its FLOORCARE ESSENTIALS® Marks in the United States.

18. The public and trade have come to rely on Mohawk's FLOORCARE ESSENTIALS® Marks to distinguish Mohawk's goods and services from those of others.

19. Mohawk's FLOORCARE ESSENTIALS® Marks represent a valuable asset owned by Mohawk.

20. Defendant is in the floor and carpet product design and manufacturing business. The flooring and carpeting products that Defendant offers, distributes,

sells and markets to consumers and to retailers throughout the United States are offered and sold in the State of Georgia and the Northern District of Georgia.

21. Defendant offers to sell, and has sold, floor covering products under the Fashion Essentials Name. Such products are highly commercially related to the floor care products and services sold and provided by Mohawk under its FLOORCARE ESSENTIALS® Marks because Mohawk's products are used directly in connection with floor covering products of the sort sold by Defendant.

22. Moreover, Mohawk's floor care products and Defendant's floor covering products are of the sort often encountered simultaneously by consumers because they are sold in the same retail locations and produced by the same manufacturer.

23. Defendant's Fashion Essentials Name is confusingly similar to Mohawk's FLOORCARE ESSENTIALS® Marks. It is an obvious imitation and misappropriation of Mohawk's FLOORCARE ESSENTIALS® Marks used by Defendant in the same industry (the floor covering and carpeting industry) to identify the types of goods that are highly related to the goods and services sold and provided by Mohawk under its FLOORCARE ESSENTIALS® Marks.

24. Mohawk's rights in its FLOORCARE ESSENTIALS® Marks are superior to Defendant's subsequent use of the Fashion Essentials Name.

25. Defendant's sale of goods under the Infringing Mark that are related to the goods and services that Mohawk sells under the its FLOORCARE ESSENTIALS® Marks is likely to cause confusion, or to cause mistake, or to deceive and mislead as to the source, origin, sponsorship or approval of Defendant's goods, and suggests that Defendant has or its goods have an affiliation, sponsorship with or approval by Mohawk, which they do not have.

26. Defendant does not currently own and has never owned a federal trademark registration for the exact phrase "Fashion Essentials" with the PTO.

27. Although Defendant does not own any active federal trademark registration for the Fashion Essentials Name, it falsely uses the registration symbol ® with the Fashion Essentials Name on advertising and promotional materials, including materials Defendant makes available to consumers and retailers through its website www.accessbeaulieu.com as shown below.



28.     Defendant's false use of the ® symbol with the Fashion Essentials Name is likely to deceive consumers into falsely believing that Defendant owns an active federal registration for the Fashion Essentials Name, when it does not.

29.     Consumers are likely to believe that a company that owns a federal trademark registration has exclusive rights that are superior to others' rights in the trademark. Therefore, Defendant's false use of the ® symbol with the Fashion Essentials Name and damage is likely to lead consumers to believe that it has exclusive rights in the Fashion Essentials Name that are superior to Mohawk's rights in the FLOORCARE ESSENTIALS® Marks, which is false. As such, Defendant's misuse of the ® symbol after the Fashion Essentials Name causes injury to a commercial or exclusive interest in sales or business reputation proximately caused by Defendant's misrepresentation.

# COUNT ONE

## Infringement of a Federally Registered Trademark
## 15 U.S.C. § 1114(1)(a)

30. Mohawk incorporates herein and realleges all previous paragraphs of its Complaint.

31. Mohawk has continuously and extensively used the federally registered FLOORCARE ESSENTIALS® Marks in commerce with its floor care products and floor care cleaning services.

32. Defendant had both actual and constructive knowledge of Mohawk's and its affiliate's ownership of and rights in the federally registered FLOORCARE ESSENTIALS® Marks prior to Defendant's infringing use of the Fashion Essentials Name.

33. Defendant adopted and continues to use its virtually identical and confusingly similar Fashion Essentials Name with full knowledge of Mohawk's superior rights in the FLOORCARE ESSENTIALS® Marks and with the intent to cause confusion, mistake or deception among the consuming public between the Fashion Essentials Name and Mohawk's FLOORCARE ESSENTIALS® Marks.

34. Defendant offers its goods and services under the Fashion Essentials Name in the same channels of trade as those in which Mohawk's goods and services are offered.

35. Defendant's actions in adopting and using the Fashion Essentials Name, which is highly similar to Mohawk's federally registered FLOORCARE ESSENTIALS® Marks, constitutes an infringement of Mohawk's FLOORCARE ESSENTIALS® Marks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

36. Defendant's actions in adopting and using its Fashion Essentials Name with carpeting products are likely to cause confusion, mistake or deception as to the affiliation, connection and association of such products with those of Mohawk and its floor care products and services, and as to the sponsorship, origin and approval of Defendant's goods in violation of 15 U.S.C. § 1114.

37. As a result of Defendant's infringement, Mohawk has suffered damages, as well as the loss of control over the goodwill and reputation established in its federally registered FLOORCARE ESSENTIALS® Marks. Unless enjoined, Defendant's conduct has caused and will cause Mohawk irreparable harm for which there exists no adequate remedy at law.

38. Mohawk is entitled to recover from Defendant all damages Mohawk has and may later sustain due to Defendant's improper conduct, and Defendant's profits from its improper conduct, in an amount to be proven at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

39. Defendant's actions have been knowing, willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Mohawk pursuant to 15 U.S.C. § 1117.

**COUNT TWO**

**Federal Unfair Competition, False Designation
of Origin, and False Advertising
15 U.S.C. § 1125(a)**

40. Mohawk incorporates herein and realleges all previous paragraphs of its Complaint.

41. Defendant has deliberately and willfully attempted to trade on Mohawk's long-standing and hard-earned goodwill in its FLOORCARE ESSENTIALS® Marks and the reputation established by Mohawk in connection with its products, as well as in order to confuse consumers as to the origin and sponsorship of Defendant's goods and to pass off its products in commerce as those of Mohawk.

42. Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive Mohawk of the ability to control the consumer perception of its products and services offered under Mohawk's FLOORCARE ESSENTIALS® Marks, placing the valuable reputation and goodwill of Mohawk in the hands of Defendant.

43. Defendant's conduct in adopting and using its Infringing Mark is likely to cause confusion, mistake or deception as to the affiliation, connection and association of Defendant and its goods with Mohawk, and as to the sponsorship, origin or approval of Defendant and its goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. As a result of Defendant's conduct, Mohawk has suffered damages, as well as the continuing loss of the goodwill and reputation established by Mohawk in its FLOORCARE ESSENTIALS® Marks. Unless preliminarily and permanently enjoined, Defendant's conduct has caused and will cause Mohawk irreparable harm for which there exists no adequate remedy at law.

45. Mohawk is entitled to recover from Defendant all damages sustained due to Defendant's improper conduct, and Defendant's profits from its improper conduct, in an amount to be proven at trial, and to be trebled, pursuant to 15 U.S.C. § 1117.

46. Defendant's actions have been knowing, willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Mohawk pursuant to 15 U.S.C. § 1117.

## COUNT THREE

## Violation of the Georgia Deceptive Trade Practices Act
## O.C.G.A. § 10-1-370 *et seq.*

47. Mohawk incorporates herein and realleges all previous paragraphs of its Complaint.

48. By reason of the foregoing, Defendant has engaged in acts which have caused, and which will continue to cause, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of its products.

49. By reason of the foregoing, Defendant has engaged in acts which have caused and which will continue to cause a likelihood of confusion or misunderstanding as to the affiliation, connection or association with or certification by Mohawk.

50. Defendant's conduct constitutes unfair and deceptive trade practices in violation of Georgia law, including the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

51. Defendant's actions complained of herein have caused and, unless preliminarily and permanently enjoined by the Court under O.C.G.A. § 10-1-373(a), will continue to cause irreparable harm to Mohawk and to its products and services for which there is no adequate remedy at law.

52. Mohawk is entitled to recover its attorneys' fees and costs incurred in connection with Defendant's deceptive trade practices pursuant to O.C.G.A. § 10-1-373(b).

## DEMAND FOR JURY TRIAL

53. Pursuant to Federal Rules of Civil Procedure 38, Mohawk demands a trial by jury on all claims and issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Mohawk prays:

1. That the Court award judgment to Mohawk on all counts of the Complaint;

2. That Defendant, its officers, agents, employees and those persons or entities in active concert or participation with it be preliminarily and permanently enjoined from:

(a) developing, designing, manufacturing, importing, using, marketing, selling, offering for sale, distributing or installing floor covering products under Defendant's infringing Fashion Essentials Name, or any variant thereof which is a colorable imitation of or otherwise likely to be

mistaken for or confused with Mohawk's FLOORCARE ESSENTIALS® Marks;

 (b) otherwise infringing upon Mohawk's FLOORCARE ESSENTIALS® Marks; and

 (c) otherwise unfairly competing with Mohawk or engaging in any deceptive trade practice, trading off of Mohawk's reputation or goodwill, or injuring Mohawk's reputation;

3. That Defendant and any subsidiaries and affiliates be required to take prompt, affirmative action within thirty (30) days of entry of order or judgment to:

 (a) withdraw from the public and destroy any carpets and any advertisements or promotional materials which contain or use the infringing Fashion Essentials Name or use Mohawk's FLOORCARE ESSENTIALS® Marks, or any confusingly similar marks, in relation to Defendant's business in the United States;

 (b) file affidavits with the Court confirming that these actions have been taken pursuant to 15 U.S.C. § 1116;

4. That Mohawk have a judgment against Defendant for any and all profits derived by Defendant and all damages sustained by Mohawk by reason of

the acts hereinabove complained of and that the damages be trebled pursuant to 15 U.S.C. § 1117;

5. That Mohawk have judgment against Defendant for Mohawk's reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and O.C.G.A. § 10-1-373(b); and

6. That the Court grant such other relief as it deems just and equitable.

Respectfully submitted this 27th day of June, 2016.

/s/ *John M. Bowler*
John M. Bowler, Esq.
Georgia Bar No. 071770
Michael D. Hobbs Jr., Esq.
Georgia Bar No. 358160
Lindsay Mitchell Henner, Esq.
Georgia Bar No. 272310
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000 / Fax: (404) 885-3995
john.bowler@troutmansanders.com
michael.hobbs @troutmansanders.com
lindsay.henner@troutmansanders.com

*Attorneys for Plaintiff Mohawk Carpet Distribution, Inc.*