IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MOHAWK CARPET DISTRIBUTION, INC.**, a Delaware Limited Liability Company, <br><br> **Plaintiff,** <br><br> v. <br><br> **BEAULIEU, LLC**, a Georgia Limited Liability Company, <br><br> **Defendant.** | 1:16-cv-2266-WSD |

### OPINION AND ORDER

This matter is before the Court on Defendant Beaulieu, LLC's ("Defendant") Motion to Dismiss [13] and Motion for Sanctions [12].

**I.  BACKGROUND**

A.  Facts

Plaintiff Mohawk Carpet Distribution, Inc. ("Plaintiff") distributes carpets and other flooring products and floor care products.  (Am. Compl. [9] ¶ 12). Plaintiff owns federally registered trademarks FLOORCARE ESSENTIALS®, U.S. Registration No. 2,799,317, and MOHAWK FLOORCARE ESSENTIALS®, U.S. Registration Nos. 2,803,569 and 3,163,768 (collectively, the "Floorcare Essentials Marks").  (Am. Compl. ¶ 17).  Plaintiff alleges its Floorcare Essentials

Marks are incontestable because they meet the provisions of 15 U.S.C. § 1065. (Am. Compl. ¶ 21). Examples of Plaintiff's Floorcare Essentials Marks are as follows:





(Am. Compl., Ex. C).

Plaintiff alleges that, in addition to its federally-registered Floorcare Essentials Marks, Plaintiff also has common law rights to the Floorcare Essentials Marks dating back to 2002, and that it has been continuously and extensively using these marks to promote its floor care cleaning products and floor care cleaning services in the United States over the past fourteen years.  (Am. Compl. ¶¶ 23, 13).

Defendant is a floor and carpet product design and manufacturing company.  (Am. Compl. ¶ 28).  Defendant sells floor covering products using the mark "HOLLYTEX FASHION ESSENTIALS" ("Hollytex Fashion Essentials").  (Am. Compl. ¶ 4).  Plaintiff contends certain ways in which the Hollytex Fashion Essentials mark is used are confusingly similar to Plaintiff's Floorcare Essentials Marks.  (See Am. Compl. ¶ 42).  Plaintiff identifies the following use in commerce of Defendant's Hollytex Fashion Essentials mark in the United States:



(Am. Compl. ¶ 39).  Plaintiff alleges Defendant frequently refers to its mark simply as "Fashion Essentials," as evidenced by Defendant's website:



(Am. Compl. ¶ 41).  Plaintiff alleges the most prominent element in these usages is "Fashion Essentials," which infringes Plaintiff's trademarks.  (Am. Compl. ¶ 4).

B. Procedural History

On June 27, 2016, Plaintiff filed its Complaint [1], asserting claims for federal and state law trademark infringement, false advertising, unfair competition, and deceptive trade practices.  On August 22, 2016, Plaintiff filed its Amended Complaint.  On August 25, 2016, Defendant filed its Motion for Sanctions.  Defendant contends sanctions are appropriate, under Federal Rule of Civil Procedure 11(c), because this action is a "sham litigation" filed as a "purely

4

tactical and retaliatory move" "in order to gain a tactical advantage in an unrelated" trademark infringement action between the parties.  ([12.1] at 1, 4).  Defendant states that Plaintiff never contacted it to discuss Plaintiff's claims prior to filing this action.  Defendant shows that the website page Plaintiff relies on in its Complaint was last modified in 2006 and is not accessible from Defendant's website.  (Id. at 3).  Defendant seeks dismissal of this action with prejudice and an award of attorneys' fees.

On August 29, 2016, Defendant filed its Motion to Dismiss.  Defendant argues dismissal is required because Plaintiff fails to plead a claim for trademark infringement, because (1) Plaintiff failed to allege its marks have priority and (2) Plaintiff failed to allege a likelihood of confusion.  The Court first turns to Defendant's Motion to Dismiss.

## II.   DISCUSSION

### A.   Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor,

"'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

B. <u>Analysis</u>

A trademark is "any word, name, symbol, or device, or any combination thereof [used] to identify and distinguish [one's] goods . . . from those manufactured or sold by others and to indicate the source of the goods." 15 U.S.C. § 1127. "State and federal law protect the first user of a distinctive mark against another's use of a confusingly similar mark in commerce." <u>Se. Clinical Nutrition Ctrs., Inc. v. Mayo Found. for Med. Educ. and Research</u>, 135 F. Supp. 3d 1267, 1272 (N.D. Ga. 2013). The threshold element of any trademark infringement claim is priority of use. <u>Id.</u> (citing <u>Popular Bank of Fla. v. Banco Popular de Puerto Rico</u>, 9 F. Supp. 2d 1347, 1353 (S.D. Fla.1998)). Once the threshold issue is decided, to prevail on a trademark infringement claim under the Lanham Act, a party must prove that (1) it owns a valid and protectable mark, and (2) the opposing party's use of an identical or similar mark is likely to cause confusion. <u>See</u> <u>FN Herstal SA v. Clyde Armory Inc.</u>, ⸺ F. 3d ⸺, 2016 WL 5390341, at *5 (11th Cir. Sept. 27, 2016).

Defendant argues dismissal is required because Plaintiff fails to plead a claim for trademark infringement, because (1) Plaintiff failed to allege its marks have priority and (2) Plaintiff failed to allege a likelihood of confusion.

7

1. <u>Priority</u>

Defendant claims Plaintiff fails to allege facts to support that Plaintiff has priority with respect to Hollytex Fashion Essentials in connection with carpet. Plaintiff alleges its Floorcare Essentials Marks have been continuously used since 2002, (Am. Compl. ¶¶ 3, 14, 15), and that, years later, Defendant began using the Hollytex Fashion Essential marks in a manner that infringes upon Plaintiff's marks, (Am. Compl. ¶¶ 32-34). Plaintiff also alleges

> [e]ven if Defendant owns a subsequently-filed federal registration on HOLLYTEX FASHION ESSENTIALS which post-dates Mohawk's first use in commerce and registration of the FLOORCARE ESSENTIALS® Marks, that establishes only a right of Defendant as against junior users of confusingly similar marks and is expressly subject to Mohawk's senior and priority use and common law and registered rights in the FLOORCARE ESSENTIALS® Marks that already existed before and at the time Defendant first adopted, used, and registered HOLLYTEX FASHION ESSENTIALS.

(Am. Compl. ¶ 45). Defendant contends these allegations fail as a matter of law, because Defendant owns an incontestable federal trademark registration for the Hollytex Fashion Essentials mark.

A federal trademark registration affords the presumptive right to exclusive nationwide use of a trademark. 15 U.S.C. § 1115(a). After five years of substantially continuous and undisputed use, a registered mark is eligible for "incontestable" status. Incontestable status provides, subject to the provisions of

§§ 15 and 33(b) of the Lanham Act, "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b); see also Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 192 (1985).

That Defendant's mark is incontestable does not, on its own, require dismissal of this action.  First, incontestability is not absolute; it is subject to nine statutorily-enumerated defenses or defects.  15 U.S.C. § 1115(b).  Second, the crux of Plaintiff's claims is that, in the context of the market in which the parties compete, Defendant's prominent use of the element "Fashion Essentials" infringes on Plaintiff's Floorcare Essentials Marks.  (See, e.g., Am. Compl. ¶ 4).  "Incontestability is limited to use of the mark on the goods or services specified" in the PTO affidavit or renewal application, and "[a] registered mark is incontestable only in the form registered . . ."  6 McCarthy on Trademarks and Unfair Competition § 32:152 (4th ed.).  Thus, even if the Hollytex Fashion Essentials mark is incontestable, Defendant, by using permutations or configurations of its mark that are not specifically registered, may infringe other valid marks, including Plaintiff's Floorcare Essentials Marks.

9

Finally, under 15 U.S.C. § 1065, an incontestable registration protects the right of an owner to use a mark "except to the extent . . . to which the use of a mark . . . infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration[.]"  As one court explained, incontestability does not mean "that a senior user must surrender its rights to the owner of an incontestable registration." My Health, Inc. v. Gen. Elec. Co., No. 15-CV-80-JDP, 2015 WL 9474293, at *3 (W.D. Wis. Dec. 28, 2015).  "A senior user who can show continuous use from before the date of the federal registration has—and may affirmatively assert—common law trademark rights that are not affected by the subsequent registration." Id.  "Another way to put it is that the *registration* is incontestable, but the right to use the mark, and the right to prevent others from doing so, is not necessarily absolute."  My Health, 2015 WL 9474293, at *3.  Thus, Defendant's allegedly incontestable Hollytex Fashion Essentials mark is not protected against a prior user who obtained common law trademark protection.  A party can establish such prior use under 15 U.S.C. § 1065 by showing:  (i) acquisition of trademark rights under state law prior to the date of incontestable registration; (ii) continuance of use of . . . the trademark from that date; and (iii) that the prior use is on goods or services which are in issue in the case [to which] infringement is proven.  Spiral

Direct, Inc. v. Basic Sports Apparel, Inc., 151 F. Supp. 3d 1268, 1275 (M.D. Fla. 2015) (citation omitted).

Plaintiff alleges that, in addition to its federally-registered Floorcare Essentials Marks, Plaintiff also has common law rights to the Floorcare Essentials Marks dating back to 2002, and that it has been continuously and extensively using these marks to promote its floor care cleaning products and floor care cleaning services in the United States over the past fourteen years. (Am. Compl. ¶¶ 23, 13). Plaintiff thus sufficiently alleges that it acquired trademark rights under state law[1] to the Floorcare Essentials Marks prior to Defendant's incontestable trademark registration, that Plaintiff has continuously used the marks, and the prior use is with respect to goods or services at issue in this case. Taking Plaintiff's allegations as true, Defendant's incontestable mark does not, as a matter of law on the facts here, require dismissal of Plaintiff's claims.

### 2. Likelihood of Confusion

Defendant next argues Plaintiff's claims must be dismissed because Plaintiff fails to allege a likelihood of confusion. In the Eleventh Circuit, to show likelihood of confusion, Plaintiff must allege Defendant "adopted a mark or name

---

[1] The Amended Complaint's reference to "common law" trademark rights allows a reasonable inference that Plaintiff refers to state law trademark rights.

that was the same, or confusingly similar to [Plaintiff's] mark, such that consumers were likely to confuse the two." Tana v. Dantanna's, 611 F.3d 767, 773 (11th Cir. 2010) (quoting Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 358 (11th Cir. 1997) (internal quotation marks omitted)). Courts consider the following factors in determining whether a sufficient likelihood of confusion exists:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

Id. at 775-76. "Of these, the [strength of the] mark and the evidence of actual confusion are the most important." Frehling Enterprises, Inc. v. Int'l Select Grp., Inc., 192 F.3d 1330, 1335 (11th Cir. 1999).

"Courts . . . have repeatedly found complaints to sufficiently state a claim on a motion to dismiss when the complaint alleges ownership and registration of the mark, that the defendants used the trademarks without authorization, and that the use caused confusion or mistake to the consumer." Mainstream Advert., Inc. v. Moniker Online Servs., LLC, No. 16-CV-61316, 2016 WL 4729647, at *4 (S.D. Fla. Sept. 12, 2016) (citing cases); see also U.S. Pharm. Corp. v. Breckenridge

Pharm., Inc., No. 1:09-cv-2050-TWT, 2010 WL 3731112, at *6 (N.D. Ga. 2010) ("[L]ikelihood of confusion is a question of fact . . . .  For this reason, courts are hesitant to resolve the likelihood of confusion question on a motion to dismiss." (citing Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 832 (11th Cir. 1982); Vulcan Golf, LLC v. Google Inc., 552 F. Supp. 2d 752, 769 (N.D. Ill. 2008))).

Plaintiff alleges it owns valid trademarks, that Defendant used the trademarks without authorization, and that the use caused confusion to consumers. Plaintiff further alleges its Floorcare Essentials Marks are strong marks that have been used continuously, have been backed by major advertising and promotional efforts, that Plaintiff has invested a substantial amount of time, money, and other resources promoting the marks, and that the public and trade have come to rely on the marks to distinguish Plaintiff's goods and services.  (Am. Compl. ¶¶ 23-26). Plaintiff alleges its marks are incontestable.  (Am. Compl. ¶ 17).  Plaintiff alleges its marks are used directly in connection with carpet of the type sold by Defendant. (Am. Compl. ¶ 35).  "Retailers not only currently advertise and sell the Defendant's carpet products, the exact same customers advertise and sell products under Mohawk's FLOORCARE ESSENTIALS® Marks."  (Am. Compl. ¶ 36). Plaintiff alleges likelihood of confusion because the parties' marks both

13

incorporate the word "essentials" preceded by a two-syllable word beginning with the letter "F" and the marks are used on carpeting products.  (Am. Compl. ¶ 43).

Defendant asks the Court to compare the parties' trademarks and find that, as a matter of law, there is no likelihood of confusion.  Defendant also urges the Court to take judicial notice of other cleaning-related trademarks using the word "essential," such as "Deepclean Essential," "Earth Essentials," "Elemental Essentialz," "Cleaning Essentials," "Green Essentials" and "Dutch Essentials."  The question, at this stage, is not whether the Court agrees with Defendant's allegations regarding a likelihood of confusion, but whether Plaintiff has alleged sufficient facts to state a claim for relief that is plausible on its face.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  The Court finds Plaintiff has alleged sufficient facts, albeit barely, to allege a likelihood of confusion.  Defendant's Motion to Dismiss is denied.

    C.    Motion for Sanctions

The Court may sanction an attorney or party that violates Rule 11, which provides as follows:

> **(b) Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990). "When a court is confronted with a motion for sanctions under Rule 11 . . . , it must first determine whether the party's claim is objectively frivolous, in view of the law or facts, and then, if it is, whether the person signing the document should have been aware that it was frivolous." In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995). "A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. Thus, where no evidence or

only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." Lawson v. Sec'y, Dep't of Corr., 563 F. App'x 678, 680 (11th Cir. 2014) (per curiam) (quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)). "Where the evidence, although 'weak or self-serving,' is reasonable, sanctions cannot be imposed." Id. (quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)); see Lawson, 563 F. App'x at 681 ("The fact that [a plaintiff] has provided *some* evidence [of his factual contentions] is sufficient to establish that Rule 11 sanctions are inappropriate.").

Defendant's Motion for Sanctions is based on its arguments that its incontestable trademark forecloses Plaintiff's claims, and that the allegation that the terms "Fashion Essentials" and "Floorcare Essentials" are similar is "laughable." ([12.1] at 13). The Court determined that Defendant's allegedly incontestable trademark does not now require Plaintiff's claims to be dismissed. The Court also finds the factual allegations regarding likelihood of confusion are not objectively frivolous. Defendant's Motion for Sanctions is denied.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Beaulieu, LLC's Motion to Dismiss [13] and Motion for Sanctions [12] are **DENIED**.

**SO ORDERED** this 21st day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE